Gloria Dredd Haney, State Bar No. 157627
**LAW OFFICES OF GLORIA DREDD HANEY**
City Tower Center
333 City Boulevard West, 17th Floor
Orange, California  92868
Office:       714.938.3230
Fax:          714.921.2856
Email:        dreddlaw@sbcglobal.net

Attorney for Plaintiff
**YOLANDA JACKSON**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA JACKSON, <br><br> Plaintiff, <br><br> vs. <br><br> RIALTO UNIFIED SCHOOL DISTRICT, CAROL MEHOCHKO, STACY NORMAN, EVA RASHID, AND DOES 1 THROUGH 10, INCLUSIVE. <br><br> Defendants. | Case No.: _____ <br><br> **PLAINTIFF  YOLANDA JACKSON'S VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

## I.    <u>NATURE OF CASE</u>

This complaint arises beginning with the unlawful retaliation and harassment

leveled against Plaintiff as a result of her taking a medical leave leading to her

demotion  and humiliation and embarrassment when Plaintiff was removed from her

position as a principal based on her race, age, disability, and being subjected to

harassment, bullying in the workplace, denial of a good faith interactive process,

retaliation, denial of family medical leave, denial of reasonable accommodation,

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

denial of rights based on 42 USC §1981, 42 USC §1983, denial of a work environment free of discrimination, retaliation because she engaged in the protected activity of complaining about the unlawful discrimination while on medical leave, and emotional disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343,1391, 42 U.S.C. §§1981 and 1983, and the Rehabilitation Act of 1973. This action is authorized and instituted pursuant to 20 U.S.C. §1706 requiring the appropriate United States District Court to exercise jurisdiction.  42 U.S.C. § 1981, Civil Rights Act of 1991, as amended, state that employment discrimination and retaliation cases may be filed in the United States District Court.  This Court has pendent jurisdiction over Plaintiff's state claims, both administrative and common law, because they arise out of the same nucleus of common facts on which Plaintiff's federal discrimination claims are based.  Pursuant to 28 U.S.C. § 1367(s), federal courts have the discretion to adjudicate state-law claims that are transactionally related to the federal claims.

2.  Plaintiff has suffered and continues to suffer actual injuries as a result of the intentional, malicious, and unlawful conduct on the part of the above-named Defendants.  The injuries can be traced to the challenged action and conduct in this matter.  Plaintiff, YOLANDA JACKSON, has a personal stake in the outcome of this action and hereby joins her request for recovery also pursuant  the California

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

Fair Employment and Housing Act ("FEHA")  and has received the Department of Fair Employment and Housing's ("DFEH") right-to-sue notice. Attached as Exhibit "A" is a true copy of the complaint filed with the DFEH.  Attached as Exhibit "B" is a true copy of the right-to-sue notice from the DFEH dated April 13, 2020. Attached as Exhibit C is Plaintiff's verification.

3.   Plaintiff resides in San Bernardino County within the jurisdiction of the United States District Court in and for the Central District of California.

4.   Defendant District is doing business within the jurisdiction of the United States District Court/Central District in Rialto, California in San Bernardino County.

## OVERVIEW OF RELEVANT AND BACKGROUND FACTS

5.   Because of the overwhelming continuing nature of the discrimination, retaliation, and harassment against Plaintiff, Yolanda Jackson (hereafter "Plaintiff" or "Jackson"), all of the relevant/material facts are not included in this complaint. However, Jackson has submitted a sufficient representation of the facts and has established that the facts set out in this complaint identify viable causes of action and *prima facie* elements to support that causes of action in this matter and in their entirety to further support this matter must go forward to trial.

6. Jackson was working as a principal at Defendant Rialto Unified School District (District) at Fitzgerald Elementary School ("Fitzgerald") when the violation of her constitutional and statutory rights occurred.  She began working at District in 2004 as a teacher and has been with District for over 16 years.  She was promoted to

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

the position of principal in January 2015.  Jackson is an African-American woman who is over the age of 50 years with physical and emotional disabilities where she was hospitalized with surgery for the physical disability and for emotional distress and has been in emotional therapy since she was diagnosed with post-traumatic stress disorder ("PTSD").

7.  The actual, continuing discrimination against her began in July 2018 when she was scheduled for shoulder surgery.  During the operation, Jackson's surgeon discovered that there was a much greater medical issue than what was believed before the surgery.  As a result, Jackson was on disability leave longer than expected, and for, approximately in total, six months. While on disability leave, District not only used all of Jackson's earned sick leave of 800 hours but also cancelled the employer health insurance which left her without a full paycheck and health insurance.  District and its employees did this to Jackson because she dared to take a medical leave based on her surgeon's orders.  When she complained to the administration about what was being done to her with regard to her paycheck and her health insurance while she was on disability leave, Jackson was told it was Jackson's responsibility to keep track of her own time and health insurance and not that of District.  No other employee, whether classified, certificated, or administrative, was treated in this manner.  District at no time engaged in the administrative process to determine how to assist her in the performance of her duties upon her return to work as required by federal and state law.

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

8.  This retaliation against her caused Jackson much anguish and anxiety that exacerbated  PTSD.  Because she feared being accused of abandoning her job and because of the health insurance she needed to continue to receive medical assistance for her disabilities, Jackson returned earlier than she was supposed to return to work over her treating physician's and surgeon's warnings to her.

9.  Sure enough, because she had returned to work earlier than she was supposed to return, she was not healing completely, correctly, or sufficiently and her wound was not safe for her.  Jackson, once again, had to have another surgery, requiring her to take medical/disability leave *without any pay*.  She returned to work the next week in order to prevent the Defendants stopping any pay to her.

10.  A new supervisor was introduced to Jackson while Jackson was on her medical leave before school started. She now had a *new* immediate supervisor, Defendant Carol Mehochko (Mehochko"), who, from the very beginning after Jackson returned, complained repeatedly that she had so-called "concerns" about Jackson's previous performance and that Jackson had failed at her performance.  No specifics were ever given.  Jackson's performance as a teacher and principal at District had always been satisfactory, or exemplary, because it is the highest standards at District.  Jackson even trained other employees at different levels because of her demonstrated quality of performance and knowledge.

11. This retaliation and continuous harassment began after Jackson's return from her medical/disability leave in late November 2018.  Two teachers, Stacy Norman

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

and Eva Rashid, specifically began to harass Jackson and verbally and publicly threaten Jackson which caused Jackson to fear physical harm from those teachers. Her car and other property were damaged with District failing to investigate or take any measures to protect Jackson.

12.   In March 2020, when the teachers, Jackson's subordinates, continued to harass and verbally attacked Jackson, she decided to file a complaint with District against the teachers who were harassing her because of their repeated verbal abuse which increased Jackson's physical harm.  District and the Defendants, encouraging the harassment, rejected Jackson's complaint for harassment without an investigation.

13.   Further, on May 07, 2019, Jackson was told she, specifically, had no right to file any complaint with District for harassment.  Rhea McIver Gibbs ("Gibbs"), Lead Personnel Agent, actually stated in her May 2019 letter to Jackson that Jackson's claims "were not substantiated."   However, absolutely none of Jackson's witnesses to the harassment were even interviewed.  The District's Official Complaint Procedures states that "any individual" may file a complaint.  However, Jackson was told she, alone, could not and was reprimanded by Gibbs and told to document the harassment leveled against Jackson, herself, and to engage in a discipline "as outlined in the REA Collective Bargaining Agreement Article XIV Disciplinary procedures," even though Jackson was being targeted because.  No protection of warranted disciplinary actions that were offered to others was offered

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

to Jackson. was offered to Jackson upon return from her medical leave.  The conduct was not just unprofessional conduct but a violation of civil and criminal state and federal laws, including allegations of violation by the District of federal and state civil rights laws.  Even though Jackson had the right "to present evidence," she was denied that right.  Also, there should be no forms of retaliation of the complaint she filed because "[t]he District prohibits retaliation in any form for the filing of a complaint, the reporting of instances of discrimination (including reporting… harassment), or for participation in any part of the complaint procedures."  Finally, Jackson was accused of withdrawing her complaint as if to say nothing ever happen which was blatantly false.

14.  On June 12, 2019, District announced that Jackson would be from her position as principal at Fitzgerald Elementary School.  She was told she was now going to be a "principal pal on special assignment which was not clear to her, including the pay she was supposed to receive and the classification of her position. District and its agents provided no reason in writing regarding the new position which was required for a public employee.  had no idea either, except just to remove her from the position she had been working toward all of her life.

15.  It must be remembered that Jackson had been a principal at District since February 2015, and, during her tenure at District, she had received "Satisfactory Evaluations" in each of the positions she held to continue to further create an unbearable, hostile work environment for Jackson, Mehochko repeatedly continued

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

with her complaint that Jackson was hostile toward the teachers at Fitzgerald and that those teachers did not need to listen to her as their principal. District, its agents, and Defendants made the environment unbearably hostile when Jackson exercised her position as principal as well as her exercising her freedom of speech by speaking out for the protections and rights of the students at Fitzgerald.

16. Jackson was replaced by Tina Lingerfelter at Fitzgerald, who is a White female and who is much younger than Jackson. She was never told why she was replaced, and nothing was ever given to her in writing. Jackson's name was completely removed from Fitzgerald communications and District administrator programs and email. Doing such an act, removing a principal's name from any connection with that principal's school while the principal was on any type of leave, was never done before but now only to Jackson at District. Jackson's request that her allegation be investigated was never done either and, incredulously, her complaint was only used against her and not the perpetrators against her. Jackson was the first Black principal at Fitzgerald in its 20-year existence.

17. Jackson was never provided an accommodation for her disability and, at no time did District engage in the interactive process which is required by state and federal laws.

18. Jackson complained to Dr. Darren McDuffie, Kelly Bruce, Rhea McIver Gibbs, who were District administrators and Lead Personnel Agents in Personnel Services. Nothing was done except for the retaliation against her for engaging in

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT

her freedom of speech by complaining of the discrimination, retaliation, and

harassment leveled.

## STATEMENT OF A FEDERAL CLAIM

## FIRST CLAIM FOR RELIEF

(Violation of the Civil Rights Act of 1866

[As Amended, 42 U.S.C. § 1981]

Against All Defendants)

19. The allegations and attachments set forth in paragraphs 1 through 18, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

20. Section 1981 provides that all persons within the jurisdiction of the United States must be afforded the same rights and the full and equal benefit of all laws and proceedings for the security of persons and property enjoyed by white citizens regardless of race. Section 1981 covers discrimination not only in the formation of a contract but also during the duration and life of the contract.

21. Plaintiff was retaliated against, harassed, threatened, suspended, "demoted," denied her civil rights in violation of the laws of the United States because she is an African American. No other non-Black principal was treated in this manner as Plaintiff.

WHEREFORE, Jackson requests relief as set forth below against District.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

9

## **STATEMENT OF STATE CLAIM**

## **SECOND CLAIM FOR RELIEF**

(Violation of the California Government Code, §12900, et seq.

for Age Discrimination in Employment Against District)

22.  The allegations and attachments set forth above in paragraphs 1 through 21, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

23.  Plaintiff is over the age of 50 years and has been discriminated against because of her age.  She performed her job duties well and was complimented on her critical-thinking skills and called an expert by her previous supervisors.  Despite these facts regarding Plaintiff's performance, she was and continues to be denied the rights and privileges of her job in favor of one who is younger, with less experience, and less qualified.

WHEREFORE, plaintiff demands judgment against defendant District.

//

//

//

//

//

//

//

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

# STATEMENT OF STATE CLAIM

## THIRD CLAIM FOR RELIEF

(Violation of the California Government Code, §12900, et seq.

Failure To Prevent Discrimination in Employment Against District)

24. The allegations and attachments set forth above in paragraphs 1 through 23 and the following paragraphs, are incorporated into this claim for relief by reference as if set forth in full.

25. Plaintiff has established that discrimination occurred and that District failed to prevent the discrimination from occurring.

26. District did not take all reasonable steps to prevent the discrimination from occurring.

WHEREFORE, plaintiff demands judgment against defendant District.

//

//

//

//

//

//

//

//

//

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

# **STATEMENT OF STATE CLAIM**

## **FOURTH CLAIM FOR RELIEF**

(Retaliation Pursuant to FEHA Against District)

27.  The allegations and attachments set forth above in paragraphs 1 through 26, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

28. Plaintiff was harassed, retaliated against, threatened with suspension, given reprimands, bad evaluations, and denied reinstatement back to her job duties after her return from her medical/disability leave.  She was treated this way because of her complaints and protesting the discrimination against her based on race, age, and, specifically, disability discrimination.  The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act.

29.  Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's race, age, disability, and because she filed complaints about her unlawful treatment. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

30.  As a direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

loss of wages, health benefits, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

31.  Unlike other similarly situated employees, Defendant used Plaintiff's membership in protected classifications in order to discriminate against her, placed her in another position without any viable explanation, told other employees Plaintiff was incapable, incompetent, and grossly negligent.

32.  As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against District.

//

//

//

//

//

//

//

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

# **STATEMENT OF STATE CLAIM**

# **FIFTH CLAIM FOR RELIEF**

(Harassment Against District, Carol Mehochko,

Christina Hernandez, and Jasmin Valenzuela )

33.     The allegations and attachments set forth above in paragraphs 1 through 32, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

34.  Plaintiff was harassed, retaliated against, threatened with suspension, given reprimands, subsequent bad evaluations, demoted, and denied reinstatement back to her job duties after her suspension.  She was treated this way because of her complaints and protesting the discrimination against her based on race, disability, age discrimination, and because she engaged in freedom of speech when she complained and filed grievances regarding the treatment.  The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act.  Mehochko knowingly encourage the punitive, harassing acts against Plaintiff and did nothing to prevent them.  The conduct was so severe and pervasive that it has caused Plaintiff to suffer from anxiety attacks and post-traumatic stress which also affected her physical well-being.

35.  Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's race.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

36.  As a direct and proximate result of Defendants' action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

37.  Unlike other similarly situated employees, Defendant used Plaintiff's protective classifications in order to discriminate against her, demote, told other employees Plaintiff was incapable, incompetent, and grossly negligent.

38.  As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against District.

//

//

//

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

# STATEMENT OF FEDERAL CLAIM

## SIXTH CLAIM FOR RELIEF

(Protected Expressions/Freedom of Speech 42 U.S.C. § 1983

Against All Individual Defendants)

39. The allegations and attachments set forth above in paragraphs 1 through 38, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

40. Defendants violated Plaintiff's right to freedom of speech when they sought to and did take punitive actions against Plaintiff when she publicly identified the discrimination at District leveled against her as a public employee.

41. Plaintiff's rights were violated because of her complaints about her unlawful treatment while on and after her disability leave in violation of state and federal laws and statutes, all of which were not only in Plaintiff's interests but in the public interests as citizens and residents of the United States of America and the State of California.

WHEREFORE, Plaintiff seeks a judgment against these individual Defendants.

//

//

//

//

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

16

## STATEMENT OF A STATE CLAIM

## SEVENTH CLAIM FOR RELIEF

(Violation of the California's FEHA in

Violation of Race Discrimination)

42.  The allegations and attachments set forth above in paragraphs 1 through 41, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

43.  Plaintiff was retaliated against, harassed, threatened, suspended, "demoted," denied her civil rights in violation of the laws of the United States and California *just* because she is an African American.  No other nonblack employee was treated in this manner as Plaintiff.  She was the only African-American principal ever assigned to Fitzgerald.

WHEREFORE, plaintiff requests relief as set forth below against District.


## STATEMENT OF A FEDERAL CLAIM

## EIGHTH CLAIM FOR RELIEF

(Violation of California's FEHA in

Violation of Discrimination Against Disabilities)

44.  The allegations and attachments set forth above in paragraphs 1 through 43, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

45.  Defendants discriminated against Plaintiff based on her disabilities.  No other employee with disabilities was treated on a continuous basis as Plaintiff has been treated.

WHEREFORE, plaintiff requests relief as set forth below against District.

## STATEMENT OF A FEDERAL CLAIM

## NINTH CLAIM FOR RELIEF

(Violation of the Rehabilitation Act of 1973, § 504)

46.  The allegations and attachments set forth above in paragraphs 1 through 45, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

47. Plaintiff was not accommodated. She suffered a materially adverse employment actions when she was on and then off her *disability leave* and the refusal to accommodate her, transferred her, demoted her, monitored her on an obsessive basis daily, giving her written and verbal reprimands, etc., *all* for the purpose of *retaliation* because of her membership in protected classifications and her complaints regarding this retaliation.

48.  The refusal by District to accommodate Plaintiff is an adverse action to punish her which establishes a *prima facie* case of retaliation under the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and was in retaliation. But-for

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

Plaintiff's complaints and on-going retaliation of using Plaintiff's disabilities against her, this violation would not have occurred.

49.  Plaintiff was not required to exhaust her administrative remedies under Section 504 of the Rehabilitation Act of 1973 because the Ninth Circuit has stated that "private plaintiffs suing under section 504 need not first exhaust administrative remedies." *Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir. 1990). The question is not one of procedure but whether or not the employer violated the Act.  29 U.S.C. § 794(d).

WHEREFORE, Plaintiff demands judgment against Defendant District.

//

//

//

//

//

//

//

//

//

//

//

//

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

1

2

## **DEMAND FOR JURY TRIAL**

3       Plaintiff hereby demands a trial by jury in this matter.

4

5

## **PRAYER FOR RELIEF**

6

7       1.  **Issue a permanent injunction** instructing District to reinstate Plaintiff in

8    the position Plaintiff held before and immediately after her disability leave.

9       2.  **Issue a declaration of rights** declaring that Defendants' retaliatory and

10

11   harassing conduct as alleged in this complaint violates Plaintiff's civil and

12   constitutional rights.

13      3.  An award of monetary damages sufficient to fully compensate Plaintiff for

14

15   all losses she has suffered as a direct and proximate result of District's and its agents

16   unequal, discriminatory, bullying, harassing, and retaliatory treatment of her,

17   including affecting her accumulated sick time and salary.

18

19      4.  An award of monetary damages sufficient to fully compensate Plaintiff for

20   emotional trauma suffered by her, including damages for mental distress, emotional

21   pain, loss of enjoyment of life, and other nonpecuniary losses.

22

23      5.  An award of monetary damages as mandated by civil rights laws, both

24   federal and state.

25      6.  An award of monetary damages as mandated by the Fair Employment and

26

27   Housing Act with a lodestar application.

28      7.  An award of costs, including attorneys' fees pursuant to California Code

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

of Civil Procedure, § 1021.5 and the federal 42 U.S.C., § 1988 and any other applicable statutes for attorneys' fees, both federal and state.

8.  An award of costs, including attorneys' fees, to cover all of  Plaintiff Yolanda Jackson's actual costs.

9.  An award of punitive damages.

10. An award of damages pursuant to federal law and the federal causes of action under other relevant federal provisions of law.

11. An award of damages for other relevant provisions of law.

12. An award of such other and further relief as the Court considers proper and just.

Dated:  October 14, 2020

**LAW OFFICES OF GLORIA DREDD HANEY**


By: _/"s"/ Gloria Dredd Haney_
    Gloria Dredd Haney
    Attorney for Plaintiff
    **YOLANDA JACKSON**

**PLAINTIFF YOLANDA JACKSON'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868